UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **REBEKAH McCASLIN,** ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 2:23-cv-00375-JAW |
| ) | |
| **STATE OF** ) | |
| **MASSACHUSETTS et al.,** ) | |
| ) | |
| Defendants ) | |

### RECOMMENDED DECISION AFTER PRELIMINARY REVIEW

I granted Rebekah McCaslin's application to proceed *in forma pauperis*, *see* Order (ECF No. 4), and her complaint (ECF No. 1) is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B).

In her complaint, McCaslin briefly alleges that she—a resident of Colorado—"was brutally attacked [and] assaulted by [Massachusetts] state troopers in Boston Logan International airport in May." Complaint at 5. She names the State of Massachusetts, a male officer with the last name of Richardson, and an unidentified female officer as defendants, and seeks $10 million in damages. *See id.* at 2, 5.

The obvious problem with McCaslin's complaint is that she fails to allege any facts demonstrating that venue lies properly in the District of Maine. Indeed, by all appearances, McCaslin is a Colorado resident suing the State of Massachusetts and two Massachusetts police officers for actions that took place entirely outside of Maine. *See* 28 U.S.C. § 1391(b) (providing that a civil action generally may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the

1

State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

This Court has the authority under section 1915 to dismiss this case without prejudice for improper venue because "the defense is obvious from the facts of the complaint." *Johnson v. Christopher*, 233 F. App'x 852, 853 (10th Cir. 2007). Although the Court also has the authority to transfer this case to the proper venue (seemingly the District of Massachusetts) if the interests of justice would be served by such a transfer, *see* 28 U.S.C. § 1406(a), I recommend that it decline to do so because the case was filed in an obviously improper venue and there is no reason to believe that any injustice would result from a dismissal without prejudice, *see Johnson*, 233 F. App'x at 854 (affirming a district court's dismissal of a case without prejudice where the case was brought in "an obviously improper venue" and there was "no reason to believe that an injustice" would "result from the dismissal as opposed to a transfer"); *Edwards v. Fresh Foods, LLC*, No. 1:22-cv-285, 2022 WL 18859548, at *2 (E.D. Tenn. Dec. 14, 2022) (holding similarly).

Accordingly, I recommend that the Court **DISMISS** the Plaintiff's complaint without prejudice.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

***Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.***

Dated: October 4, 2023

<u>/s/ Karen Frink Wolf</u>
United States Magistrate Judge
