UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| REBEKAH McCASLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00375-JAW |
| | ) | |
| STATE of MASSACHUSETTS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION**

On October 3, 2023, Rebekah McCaslin, acting pro se, filed a complaint against the "state" of Massachusetts, a Massachusetts state trooper with the last name Richardson, and an unidentified Massachusetts female trooper, alleging that she was "brutally attacked & assaulted by state troopers in Boston Logan International Airport in May." *Compl.* at 5. In her complaint, Ms. McCaslin twice refers to herself as a resident of the state of Colorado. *Id.* at 2 (listing an address in Aspen, Colorado), at 4 (stating that she is a resident of Colorado).

On October 4, 2023, the Magistrate Judge issued a recommended decision, recommending that the Court dismiss the complaint without prejudice for improper venue under 28 U.S.C. § 1391(b). *Recommended Decision After Preliminary Review* at 2 (ECF No. 5). The Magistrate Judge pointed out that in her complaint, Ms. McCaslin said that she was a resident of the state of Colorado, that the incident occurred at Logan International Airport in Massachusetts, and that the Defendants were the commonwealth of Massachusetts and Massachusetts state troopers. *Id.* at 1-2. The Magistrate Judge observed that Ms. McCaslin "fail[ed] to allege any facts

demonstrating that venue lie properly in the District of Maine." *Id.* at 1. The Magistrate Judge recommended that the Court dismiss the case without prejudice under 28 U.S.C. § 1915(e)(2)(b).

On October 6, 2023, Ms. McCaslin filed an objection to the recommended decision. *Obj. to Report and Recommended Decision* (ECF No. 6) (*Pl.'s Obj.*). In her objection, Ms. McCaslin reiterates that she was "assaulted & violently attacked by state troopers at Logan International Airport." *Id.* at 1. Ms. McCaslin stresses that her claim is a valid one. *Id.* At the end of her objection, she states that she is "homeless in Portland." *Id.*

Then, on October 6, 2023, Ms. McCaslin filed a second objection. *Obj. to Report and Recommended Decision* (ECF No. 7) (*Pl.'s Second Obj.*). In her second objection, Ms. McCaslin strikes all references to "District of Maine" and says that "There are not districts anymore. Only states"). *Id.* at 1. She then crosses out Colorado in the Magistrate Judge's recommended decision and inserts New York. *Id.* She avers that she is "not technically a resident of any state as I flew in from France to deal with this." *Id.* She further explains that she "will not set foot in the state of Mass out of fear for my own life. I am a U.S. citizen but not a resident of any state. I was born in Buffalo, NY but <u>Portland</u> is the closest (jurisdiction) I feel safe in." *Id.* at 2.

This Court reviewed and considered the Magistrate Judge's Recommended Decision After Preliminary Review and Ms. McCaslin's renewed objection, together with the entire record; the Court has made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision After Preliminary

Review, and it concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in her opinion.  Based on the allegations in Ms. McCaslin's complaint, there is no basis for this Court to conclude anything, but that she filed the complaint in the wrong district.  There is no link between the District of Maine and the allegations in her complaint that would allow the Court to conclude that venue is proper in Maine.

In her first objection, Ms. McCaslin says that she is now homeless and living in Portland, (presumably Maine).  *Pl.'s Obj.* at 1.  Ms. McCaslin's statement that she now lives in Portland, Maine does not change the venue analysis because "[v]enue is determined based upon the parties and the allegations at the time the operative complaint is filed, not subsequent events."  *Keitt v. New York City*, 882 F. Supp. 2d 412, 459, n.44 (S.D.N.Y. 2011); *Greene v. Sha-Na-Na*, 637 F. Supp. 591, 600 (D. Conn. 1986); *Concord Labs, Inc. v. Ballard Med. Products*, 701 F. Supp. 272, 277 (D.N.H. June 9, 1988) ("[P]roper venue is determined as of the date the complaint was filed"); *see* 28 U.S.C. § 1391(b) (defining proper venue as the judicial district in which "[a] civil action. . . may. . . be brought").

In her second objection, Ms. McCaslin instructs that there is no such thing as districts, only states.  *Pl.'s Second Obj.* at 2.  She is wrong.  Article III of the United States Constitution requires the establishment of the Supreme Court and authorizes Congress to create other federal courts.  U.S. CONST., ART. III ("The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish").  The Judiciary Act of

3

1789 established courts in thirteen districts, including what it called the "Maine District."  Sess. 1, Ch. 20, § 2 (Sept. 24, 1789) ("*And be it further enacted*, That the United States shall be, and they hereby are divided into thirteen districts, to be limited and called as follows, to wit: one to consist of that part of the State of Massachusetts which lies easterly of the State of New Hampshire, and to be called Maine District").  Congress has periodically amended the Judiciary Act of 1789 and the current authority for district courts, including the United States District Court for District of Maine, is found in 28 U.S.C. § 132 (a) ("There shall be in each judicial district a district court which shall be a court or record known as the United States District Court for the district").

As for Ms. McCaslin's revelation that she "technically not a resident of any state" and that she "flew in from France to deal with this", this means that she cannot claim diversity jurisdiction in any federal court, including the District of Maine. *Hearts with Haiti, Inc. v. Kendrick*, 856 F.3d 1, 3 (1st Cir. 2017); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).  Ms. McCaslin's admission presents a separate, independent, and compelling reason to dismiss her diversity-based complaint because this Court has no jurisdiction under 28 U.S.C. § 1332(a)(1) and no other conceivable basis for jurisdiction in the District of Maine.  *Hearts with Haiti*, 856 F.3d at 2 ("United States citizens who are domiciled abroad are citizens of no state").

For the reasons in this order and in the Magistrate Judge's recommended decision, the Court OVERRULES Rebekah McCaslin's objection to the Magistrate

Judge's Recommended Decision After Preliminary Review and hereby DISMISSES

Rebekah McCaslin's Complaint without prejudice.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 6th day of October, 2023